RAMÓN PARÉS COLLAZO, ETC., Plaintiff and Appellee, *v.* MARÍA ECHANDI, Defendant and Appellant.

No. 7864.   Argued February 20, 1939.—Decided February 25, 1939.

*Martínez Nadal & Juliá,* for appellant.   *Herminio Miranda* and *R. Díaz Collazo,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The dismissal of the instant appeal is prayed for.

This is an action for a divorce. The appeal was filed on August 13, 1938, and the transcript on the following Sep-

tember 17. On September 29 the appellant was granted until October 29 to file his brief, on October 31 until November 28, on November 28 until December 28, on December 27 until January 27, 1939, warning him that new extensions of time would only be granted under really meritorious circumstances.

Matters thus, on January 27, 1939, the appellant, through his attorney, again moved for another extension of time of thirty days. The only explanation given was that the attorney had returned from the United States on the twelfth, and since that date had been taking personal charge of different cases in the courts of the island, urgent professional matters.

On January 28, the appellee moved us to limit the extension of time to five days. And the court, on February 2, 1939, granted a peremptory term of ten days to start on January 27, 1939.

The term elapsed and the brief was not filed, and the appellee, on February 7, 1939, filed a motion to dismiss the appeal because it had been abandoned and because it was frivolous.

The hearing of the motion was set for February 20, 1939, and on that same date the appellant filed his brief and requested the court, at the hearing, to exercise its discretion allowing him to prosecute the appeal. The appellee appeared and objected.

The negligence of the appellant is manifest. The delay in complying with the rule requiring the presentation of his brief, finds no justification. Only when it has been duly proved that the appeal is meritorious, would this court be justified in exercising its discretion in his favor.

He assigns four errors. The first three are frivolous. The fourth one may be meritorious, by which the trial court is charged with having erred in weighing the evidence, but the record offers no grounds to consider it inasmuch as, although it appears that the appellant asked the stenographer to prepare the record, that judge ordered its preparation, and

362

that it was prepared and approved by the judge, the truth is that the transcript has not been filed in this Supreme Court.

For the reasons stated, we are bound to sustain the motion and, therefore, to dismiss the appeal.